UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BETH GUNTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 14 CV 4756 |
| | ) Hon. Marvin E. Aspen |
| EXELON CORP., | ) |
| EXELON GENERATION, | ) |
| EXELON NUCLEAR, and | ) |
| EXELON NUCLEAR SECURITY, | ) |
| | ) |
| Defendants. | ) |
| | ) |

# MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiff Beth Gunty alleges violations of Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, against Defendants Exelon Corporation, Exelon Generation Company, LLC, Exelon Nuclear, and Exelon Nuclear Security, LLC. Plaintiff claims that Defendants, her employers, discriminated against her on the basis of her disability and her sex.

Before us is a partial motion to dismiss filed by Defendants Exelon Corporation and Exelon Generation Company (collectively, "Moving Defendants"), requesting dismissal of all claims against them and against Defendant Exelon Nuclear. For the reasons discussed below, the motion is granted.

**BACKGROUND**

On May 8, 2013, Plaintiff filed a Charge of Discrimination with the Illinois Department of Human Rights and the EEOC.[1] (Dkt. No. 8-1.) On June 24, 2014, she filed her complaint in this court. Plaintiff alleges that Defendants employed her as an armed security officer beginning in February 2004. (Compl. ¶ 9.) She states that she was subsequently diagnosed with "severe work-related depression and anxiety." (*Id.* ¶ 12.) Plaintiff then lost her job, and she now alleges that Defendants discriminated against her on the basis of her disability and her sex. (*Id.* ¶¶ 12, 18.) Plaintiff brings her claims under the ADA and Title VII and seeks damages including lost wages and benefits, liquidated damages, back pay, punitive damages under 42 U.S.C. § 1981a(b)(1), and fees and costs. (*Id.* at 3–5.)

Moving Defendants filed the present motion on September 9, 2014, asking us to dismiss Exelon Corporation and Exelon Generation as parties because neither was Plaintiff's "employer" within the meaning of the ADA or Title VII. (Mot. ¶¶ 7–8.) Moving Defendants allege that Plaintiff was in fact employed by Exelon Nuclear Security, LLC, another named Defendant that is a wholly-owned subsidiary of Exelon Generation. (*Id.* ¶¶ 11, 4.) Exelon Generation, in turn, is a wholly-owned subsidiary of Exelon Ventures Company, LLC,[2] which is a wholly-owned subsidiary of Exelon Corporation. (Notification of Affiliates (Dkt. No. 6).) Moving Defendants also urge us to strike Exelon Nuclear from the Complaint, describing it as a "non-juridical entity" that appears to be merely a subdivision of Exelon Generation. (Mot. ¶¶ 13–14.) Defendants do not, however, challenge Plaintiff's claims against Exelon Nuclear Security.

---

[1] Although Plaintiff's complaint alleges that she filed the EEOC charge on or about April 22, 2014, (Compl. ¶ 6), Plaintiff's actual Charge of Discrimination form, which Defendants attached to their Answer, bears the date May 8, 2013, (Dkt. No. 8-1).

[2] Plaintiff did not name Exelon Ventures Company as a party to this litigation.

**STANDARD OF REVIEW**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is meant to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In evaluating a motion to dismiss, we must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks enough facts "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949–50 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)); *Killingsworth v. HSBC Bank Nev.*, *N.A.*, 507 F.3d 614, 618–19 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Although a facially plausible complaint need not give "detailed factual allegations," it must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65. These requirements ensure that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* at 555, 127 S. Ct. at 1964.

**ANALYSIS**

Defendants' status as parties turns on whether they can be held liable under the ADA or Title VII. Each of these statutes bans discrimination of an employee by an employer. Accordingly, an action for employment discrimination can only be brought against an employer. 42 U.S.C. §§ 2000e-2(a), 12112(a). The ADA and Title VII both define an employer as "a person engaged in an industry affecting commerce who has fifteen or more employees for each

working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. §§ 2000e(b), 12111(5). When a person works for a subsidiary corporation, any affiliates or parent corporations generally cannot be held liable for employment discrimination under the ADA or Title VII. *See Worth v. Tyler*, 276 F.3d 249, 259–60 (7th Cir. 2001) (discussing the limitations on affiliate liability under Title VII); *Papa v. Katy Indus., Inc.*, 166 F.3d 937, 940–41 (7th Cir. 1999) (describing the limited circumstances in which a parent corporation may be liable under the ADA and Title VII); *EEOC v. RJB Props., Inc.*, 857 F. Supp. 2d 727, 782 (N.D. Ill. 2012) (clarifying that the test set out in *Papa* determines whether entities are affiliated for liability purposes). A parent corporation can be liable as an employer for employment discrimination purposes only where traditional corporate veil-piercing doctrine applies, where a corporation has been deliberately divided into entities too small to trigger antidiscrimination laws, or where the parent corporation actually committed or directed the discriminatory act. *Papa*, 166 F.3d at 941; *see RJB Props.*, 857 F. Supp. 2d at 783 (finding no affiliate liability where the two business entities maintained separate corporate records, had minimal overlap, and the defendant entity lacked control over its putative affiliate's operations); *Smith v. Fusion Med. Spa, S.C./Synergy Inst.*, 836 F. Supp. 2d 773, 776 (N.D. Ill. 2011) (refusing to aggregate the employees of separately incorporated entities where none of the *Papa* scenarios applied and the affiliated entity was not the true decision-maker).

Our evaluation of Moving Defendants' status as Plaintiff's employer is somewhat confused by the fact that Plaintiff's complaint does not distinguish between the four named defendants and refers solely to one "Defendant." Nonetheless, given the corporate structure of Exelon Corporation and its relevant subsidiaries as described by Moving Defendants, it appears—and Moving Defendants state—that Exelon Nuclear Security was Plaintiff's employer,

4

and that Moving Defendants are parent companies of that employer. (Mot. ¶ 14; Reply at 2.) Plaintiff does not allege that Exelon Nuclear Security is too small an entity to be liable under the ADA or Title VII, or that the corporate veil-piercing doctrine should apply. Nor does she state that any parent company directly discriminated against her or respond to Moving Defendants' argument that these circumstances are not present.

When faced with a motion to dismiss, it is the non-moving party's duty to "proffer some legal basis to support [her] cause of action. The federal courts will not invent legal arguments for litigants." *Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995) (internal citation omitted). Failure to respond to an argument results in its waiver. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010); *see also Jacobeit v. Rich Twp. High Sch. Dist. 227*, 673 F. Supp. 2d 653, 659 (N.D. Ill. 2009) (noting that failure to refute an argument on a motion to dismiss "acts as a waiver"). Without any assertion from Plaintiff that these exceptions apply, Moving Defendants cannot be found liable as employers for discrimination under the ADA or Title VII.

We agree with Moving Defendants that Exelon Nuclear should be dismissed from the case because Exelon Nuclear is merely a division of Exelon Generation. An entity with no independent legal or corporate identity cannot be considered a legal person, and therefore cannot be sued. *See, e.g.*, *Peirick v. Ind. Univ.–Purdue Univ. Indianapolis Athletics Dep't*, 510 F.3d 681, 694 (7th Cir. 2007) (finding an athletic department was a mere division of a university, and therefore was not a legal entity capable of being sued under Title VII or the Age Discrimination in Employment Act); *Whiting v. Marathon Cnty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004) (finding that a police department could not be sued under civil rights law because it was not a legal entity separable from the county); *see also Brown v. United States*, 276 U.S. 134, 141,

48 S. Ct. 288, 289 (1928) (observing that, absent a statute to the contrary, an unincorporated association cannot be sued because it is not a legal entity). Moving Defendants assert that Exelon Nuclear is not an independent legal entity, (Mot. ¶¶ 13–14), and Plaintiff makes no response to the contrary. Therefore, we conclude that Plaintiff cannot sue Exelon Nuclear under the ADA or Title VII.

## CONCLUSION

For the reasons stated above, we grant Moving Defendants' partial motion to dismiss Exelon Corporation and Exelon Generation Company as parties to this litigation. Additionally, Exelon Nuclear is stricken from the complaint. Plaintiff may proceed with her employment discrimination claims against Defendant Exelon Nuclear Security. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: November 4, 2014
　　　　Chicago, Illinois